**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al., Plaintiffs,**

v.

**NATIONAL MEDIATION BOARD et al., Defendants.**

Civ. A. No. 1544-63.

United States District Court
District of Columbia.

Aug. 7, 1963.

Martin F. O'Donoghue, Washington, D. C., for plaintiffs.

Howard Shapiro, Carl Eardley, Harland F. Leathers, Dept. of Justice, Washington, D. C., for defendants.

SIRICA, District Judge.

The plaintiff, Air Line Pilots Association, International, alleges that the American Airlines has violated the Railway Labor Act, in that it has interfered by coercion and undue influence with the right of its employees to choose its representative.

The plaintiff has made these charges the subject of a suit in the United States District Court for the Southern District of New York, and it argues that the National Mediation Board should be enjoined from conducting an election between it and the Allied Pilots Association until a decision is rendered by the New York Court or until the Board grants a hearing to investigate these charges.

The defendant, on the other hand, contends this Court is without jurisdiction to intervene in a representation action pending before the Board; that the Board did investigate the charges made by the plaintiff and acted within its authority in refusing to order a hearing or postpone the election, and that the dispute between the rival companies is premature for judicial determination until after the election has been held, even if the Board did act outside of its authority.

This Court is not attempting to indicate whether or not the Board conducted what might be called a thorough investigation or hearing into these charges. This Court feels that the charges pro and con have been discussed by way of the introduction of evidence at the trial in New York. Judge Wyatt now has that matter under advisement and may shortly render his opinion.

If it should develop that Judge Wyatt rules in favor of the plaintiff, it will be held in effect, as I see the matter, that the charges of coercion and influence and any other charges, have been proven. If that occurs, the Court feels that the Board would have at least the inherent power or the right, to look into these matters further, and to conduct an investigation or hearing. Counsel for the Government has conceded in its argument that the Board in the past has conducted hearings.

In this connection, the Court will quote the language of Judge Fahy in the case of WES Chapter, Flight Engineers' International Association, AFL–CIO v. National Mediation Board, D.C.Cir., 314 F. 2d 234.

"The second question must be decided in a similar manner. The Association charged that SOA was assisted and dominated by the employer in violation of section 2, Third and Fourth, of the Act. The Board held a hearing on these charges, taking pertinent testimony but declining, because of lack of power, to compel attendance of certain witnesses requested by the Association. The Statute, in Section 2, Ninth, requires an 'investigation' of such disputes; and the Board, it seems to us, did investigate. In a different case, where, for example, a stronger showing is made initially by the charging party than was made here, the Board might be required to make a more independent investigation into a charge of company assistance to an opposing union seeking certification."

The Court is familiar with the case of Switchmen's Union v. National Mediation Bd., 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943), which was discussed during argument. The Court, however, feels that, if the New York Court decides in favor of the plaintiff, and this election is not enjoined at this time, irreparable injury and damage might result to the plaintiff. If any influence or coercion was used, it might carry over and affect this election in some way.

Therefore, the motion of the plaintiff for summary judgment is granted and the cross motion of defendant for summary judgment is denied.

Counsel will prepare an appropriate order.